UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 19, 2021

LETTER TO COUNSEL

   RE: *Ritchie v. Saul, Commissioner, Social Security Administration*
      Civil No. 1:19-cv-03302-JMC

Dear Counsel:

  On November 15, 2019, Plaintiff Ritchie petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for a period of disability and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for Summary Judgment, and Plaintiff's response. (ECF Nos. 15, 16, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Plaintiff filed his claim on April 4, 2016, alleging an onset date of December 20, 2015. (Tr. 15). His claim was denied initially on August 3, 2016 and again on reconsideration on October 26, 2016. (Tr. 57–75). A hearing was held on July 27, 2018, before Administrative Law Judge Mary Peltzer ("ALJ"). (Tr. 32–56). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17–31). The Appeals Council declined review (Tr. 1–6), and consequently the ALJ's decision constitutes the final, reviewable decision of the SSA.

  In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other

1

work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In the instant case, the ALJ found that during the relevant time frame, Plaintiff suffered from the severe impairments of "diabetes mellitus, coronary artery disease (status-post coronary artery bypass surgery), and pancreatitis." (Tr. 17). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except: occasional stairs and ramps; no ladders, ropes or scaffolds; frequent stooping; occasional kneeling, crouching and crawling; and no more than occasional exposure to extreme heat, humidity, and respiratory irritants such as dust and fumes; and no exposure to unprotected heights.

(Tr. 20).

The ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. 25). However, after considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform other jobs existing in significant numbers in the national economy. (Tr. 25–26). Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. (Tr. 26).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiff makes a single argument on appeal—that the ALJ's decision is not supported by substantial evidence. (ECF No. 15-1 at 4). However, in supporting that argument, Plaintiff's position becomes disjointed. On one hand, Plaintiff principally contends in his opening brief that the ALJ failed to account for Plaintiff's absenteeism—reflected in Plaintiff's medical records as fifteen days of hospitalization after Plaintiff's alleged onset date of December 20, 2015—in the RFC assessment. *Id.* at 11; 13. On the other hand, Plaintiff's Response suggests this case turns on the ALJ's failure to consider Plaintiff's claim for a twelve-month period of disability. (ECF No. 17 at 2). Evaluating the ALJ's decision and record sequentially, I find that Plaintiff failed to establish that he was disabled for a continuous period of not less than twelve months beginning with the alleged onset date of December 20, 2015. Accordingly, I disagree and conclude that the ALJ's opinion is supported by substantial evidence. Therefore, I will deny Plaintiff's motion, grant Defendant's motion, and close this case.

Plaintiff argues that "with regard to the twelve-month period of disability following Plaintiff's alleged onset [date, December 15, 2015], the ALJ did not include absenteeism limitations in [her] RFC assessment." (ECF No. 15-1 at 13). Therefore, Plaintiff contends, "the ALJ's failure to account for [Plaintiff's] absenteeism or explain why Plaintiff's hospitalizations would not result in absenteeism during the twelve-month period of disability beginning on [Plaintiff's onset date] renders the ALJ's decision unsupported by substantial evidence." *Id*.

The Commissioner's motion and arguments contained therein do not meet with Plaintiff's contentions. The Commissioner dedicates much of its briefing defending the ALJ's narrative discussion in Plaintiff's RFC determination, while only briefly addressing the gravamen of Plaintiff's issue as outlined in his opening brief: absenteeism. Nevertheless, the Commissioner argues that the ALJ properly determined the Plaintiff's RFC by only considering limitations supported by the record. (ECF No. 16-1 at 19).

A sequential evaluation of this case draws out inadequacy of Plaintiff's argument. In Plaintiff's own words, "the issue on appeal concerns Plaintiff's claim for a "Period of Disability . . . concern[ing] the twelve[]months following Plaintiff's alleged onset date of disability." (ECF No. 17 at 2). "A claimant may be entitled to a closed period of disability if the evidence shows he or she was disabled [. . .] for a continuous period of not less than 12 months, but based on the evidence is no longer disabled [. . .] at the time of adjudication." *Nicole C. v. Berryhill*, No. BPG-18-2828, 2019 WL 3935183, at *3 (D. Md. June 24, 2019) (quoting SSA Program Operations Manual System ("POMS") § 25510.001); *see also Pumphrey v. Comm'r of Soc. Sec.*, 2015 WL 3868354, at *30 (W.Va. June 23, 2015).

Plaintiff readily, and correctly, points out that an ALJ "is charged with determining whether the claimant was disabled for any consecutive twelve-month period between the alleged onset date and the hearing date." (ECF No. 15-1 at 13); *Allen v. Colvin*, No. ADC-16-2557, 2017 WL 2399591, at *4 (D. Md. June 1, 2017 (citation omitted)); 42 U.S.C. § 423(d)(1)(A) ("The term 'disability' means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for *a continuous period of not less than 12 months*." (Emphasis added)). Indeed, an "ALJ is required to consider a closed period of disability if evidence in the record supports a finding that a person is disabled for a period of not less than twelve months." *Rosales v. Colvin*, 2013 WL 1410387, at *4 (D. Ariz. Apr. 8, 2013).

Plaintiff does *not* expressly argue that the ALJ erred in failing to consider whether Plaintiff was entitled to a closed period of disability. Instead, Plaintiff suggests that "[c]ases are subject to remand where an ALJ fails to consider whether a closed period of disability existed." (ECF No. 15-1 at 14). However, remand is not such a foregone conclusion. *See Nicole C.*, 019 WL 3935183, at *3 ("Remand *may* be warranted if the ALJ fails to consider whether a claimant may have been disabled for a closed period." (Emphasis added)); *Allen*, 2017 WL 2399591, at *4 ("Failure to consider whether a closed period of disability exists *may* warrant remand." (Emphasis added)); *Shiplett v. Colvin*, No. 5:15-cv00055 2016 WL 6783270, at *13 (D. Va. Nov. 16, 2016) (same). Given the ALJ's definite conclusion that Plaintiff was not under a disability during the relevant time period, "it is 'implicit in the ALJ's final determination that [p]laintiff also was not entitled to

3

a closed period of disability at any time during that time frame.'" *Nicole C.*, 019 WL 3935183, at *3 (alteration in original) (quoting *Allen*, 2017 WL 2399591, at *4).

Here, the relevant timeframe begins with Plaintiff's alleged onset date: December 20, 2015. The record reflects, as Plaintiff indicates, that Plaintiff was hospitalized from December 20, 2015 through December 30, 2015, and again from January 8, 2016 through January 13, 2016, for a total of fifteen days. (Tr. 339, 354). Following Plaintiff discharge on January 13, 2016, he was placed on "sternal precautions for 6-8 weeks," which prohibited him from lifting more than ten pounds for 4-6 weeks.[1] (Tr. 355). At physical examinations during follow-up appointments, Plaintiff was described on February 1, 2016 as "doing very well from a surgical standpoint," and, as soon as March 4, 2016, as doing "extremely well following surgery." (Tr. 385; 392). Indeed, during the latter appointment, Plaintiff's physician remarked that Plaintiff "is feeling markedly better since he had bypass surgery." (Tr. 385).

Remand is not warranted because the record does not demonstrate that Plaintiff was disabled for a continuous period of not less than twelve months starting on December 20, 2015. At best, during the relevant time, the record demonstrates that Plaintiff was disabled as a result of hospitalization and post-surgical recovery from December 20, 2015 through March 9, 2016 (eight weeks after the January 13, 2016 discharge). That period, however, is not a continuous, twelve-month period of disability. Plaintiff attempts to circumvent this requirement by arguing that the ALJ did not account for Plaintiff's hospitalization-related absenteeism.

On this point, the VE testified that the "ordinary tolerance for absenteeism" is "no greater than one day a month." (Tr. 55). Plaintiff suggests that if a normal tolerance for absenteeism is one day a month (twelve days in a twelve month period), and Plaintiff was hospitalized (and therefore absent) for a total of fifteen-days after Plaintiff's alleged onset date, then the ALJ improperly failed to account for this absenteeism that would preclude Plaintiff's employment. It would be illogical to conclude that a continuous fifteen-day stretch of absenteeism, over the course of approximately two months, would preclude employment for an entire year.[2] The record does not reflect that Plaintiff would be absent one day a month in the remainder of the twelve-month period after his recovery. Instead, the ALJ's RFC determination—that Plaintiff would be able to perform light work with the identified exceptions—*is* supported by substantial evidence. (Tr. 20).

To be sure, this conclusion comports with cases where remand was necessary. For example, in *Bailey v. Colvin*, remand was required when the facts demonstrated that Plaintiff underwent several surgeries and was "rarely medically stable" between them. No. CV413-202, 2014 WL 5341843, at *7 (S.D. Ga. Oct. 20, 2014). The same cannot be said of Plaintiff in this

---

[1] Plaintiff is correct that such a limitation would preclude him from preforming the requirements of light work, which requires an individual lift up to twenty pounds at a time. *See* 20 C.F.R. 416.967(b).

[2] It appears to the Court that many cases addressing absenteeism in the context of a closed period of disability involve a claimant's recurring ailment or repeated hospitalizations which necessitate repeated absences from employment (such as numerous surgeries between which a claimant is unable to fully recover), not a finite period of time in which a claimant is incapacitated and gradually recovers. For this reason, Plaintiff's argument strains credulity. The Court, despite its best efforts, is unaware of any case adopting Plaintiff's rationale. It further declines the opportunity to be the first.

case. He underwent one surgery and recovered in the course of months, such that his disability did not last for a continuous period of not less than twelve months.

Plaintiff failed to show that he was disabled "for a continuous period of not less than twelve months" to be considered for a closed period of disability. *Rosales*, 2013 WL 1410387, at *4. Accordingly, the ALJ did not err in failing to consider a closed period of disability beginning on December 20, 2015. Finally, the ALJ's decision properly accounts for Plaintiff's limitations such that the decision is supported by substantial evidence.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 15), is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge